UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SPATCHER,<br><br>Plaintiff,<br><br>v.<br><br>J. RIVERA, et al.,<br><br>Defendants. | Case No. 5:20-cv-01705-DSF-KES<br><br>ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR FAILING TO PAY FILING FEE AND<br>(1) FAILING TO QUALIFY FOR IFP; OR<br>(2) VIOLATING RULE 11 |

## I.

## BACKGROUND

Plaintiff Gregory Spatcher ("Plaintiff") filed a civil rights lawsuit against staff members at the California Institute for Men in Chino alleging that they violated his First, Eighth, and Fourteenth Amendment rights by (1) placing him with "special needs" inmates and then failing to protect him from inmates who threatened and assaulted him, (2) failing to process his grievances about assaults, illegal drug use, and sexual activity within his housing unit, (3) failing to provide an adequate diet accounting for his food allergies, (4) failing to provide adequate

mental health care, and (5) denying access to the courts by failing to provide writing materials and thwarting exhaustion efforts by inaction.

The Complaint was accompanied by an application to waive the filing fee and proceed in forma pauperis ("IFP").  (Dkt. 2.)

**II.**

**PLAINTIFF APPEARS TO HAVE 3 STRIKES**

Under the PLRA, a prisoner is prohibited from proceeding IFP if, while incarcerated, he has on three or more occasions brought an action that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).  When reviewing a dismissal to determine whether it counts as a strike, "the style of the dismissal or the procedural posture is immaterial.  Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim." El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (citation omitted).

The Court has reviewed Plaintiff's litigation history and identified the following cases from the Southern District of California:

**A. Spatcher v. San Diego Sheriff Dep't, case no. 19-cv-1919-BAS-BLM**

The district court authorized service on two defendants but dismissed the case after Plaintiff failed to respond to a court order seeking a service status update. See Spatcher v. San Diego Sheriff Dep't, 2020 U.S. Dist. LEXIS 146128 (S.D. Cal. Aug. 13, 2020).

This is not a strike under the PLRA, because the dismissal was not based on a finding that Plaintiff failed to state a claim.

**B.    Spatcher v. Baird, case no. 19-cv-1936-BAS-MSB**

The district court dismissed the complaint for failure to state a claim with leave to amend then dismissed the case for failure to prosecute after Plaintiff did not amend.  See Spatcher v. Baird, 2020 U.S. Dist. LEXIS 12191 (S.D. Cal. Jan. 23, 2020).

1    This is **Strike One**.  See Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir.

2    2017) ("His failure to file an amended complaint did not negate the determination

3    already made by the court that the complaint that he had filed, and on which he

4    effectively elected to stand, failed to state a claim.  It also does not matter whether

5    the dismissals were with or without prejudice.").

6    **C.**    **Spatcher v. City of Oceanside, case no. 3:19-cv-2281-JAH-RBM**

7    The district court dismissed the complaint as "frivolous" and duplicative of

8    Spatcher v. Baird.  See Spatcher v. City of Oceanside, 2020 U.S. Dist. LEXIS

9    25326 (S.D. Cal. Feb. 13, 2020).

10    A prisoner's complaint is considered frivolous if it "merely repeats pending

11    or previously litigated claims."  Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th

12    Cir. 1995) (construing former 28 U.S.C. § 1915(d)).  Other district courts have

13    found that dismissals of duplicative complaints constitute strikes.  See, e.g., Gipbsin

14    v. Roth, No. 2:18-cv-03164-CKD, 2020 U.S. Dist. LEXIS 135638, at *6 (E.D. Cal.

15    July 29, 2020) ("the dismissal of the second claim as duplicative counts as a

16    strike"); Ware v. Archuleta, No. 3:19-cv-01476-GPC-MSB, 2019 U.S. Dist. LEXIS

17    172317, at *4 (S.D. Cal. Oct. 3, 2019) (counting dismissal as "strike one" where

18    order dismissed complaint as "duplicative/malicious"); Saunders v. Saunders, No.

19    CV-05-00699-TUC-RCC, 2013 U.S. Dist. LEXIS 111424, at *10 (E.D. Cal. Aug.

20    7, 2013) ("The Court finds this dismissal constitutes a strike because the duplicative

21    action was frivolous – it stated the same claims as another action Plaintiff had

22    already filed and was pending before a magistrate judge."); Heggem v. Lopin, No.

23    C11-2123-RSL-JPD, 2012 U.S. Dist. LEXIS 73282, at *11 (W.D. Wash. Apr. 24,

24    2012) (recommending that dismissal of duplicative suit be considered a PLRA

25    strike).

26    Here, Plaintiff's duplicative filings do not appear to be the result of mere

27    inadvertence.  See Staich v. Cal. Bd. of Parole Hearings, No. 2:15-cv-1182 JAM

28    DB P, 2017 U.S. Dist. LEXIS 88424, at *11 (E.D. Cal. June 7, 2017) ("This court

finds plaintiff's filing of this action shortly after the denial … of a prior identical action was frivolous.").  The dismissing court considered the duplicative action frivolous.  This dismissal, therefore, rings the bell of frivolity and counts as **Strike Two**.

**D.**   **Spatcher v. City of Oceanside, case no. 3:20-cv-1554-LJS-WVG**

The Court again dismissed the complaint as "frivolous" and duplicative of Spatcher v. Baird.  See Spatcher v. City of Oceanside, 2020 U.S. Dist. LEXIS 155161 (S.D. Cal. Aug. 26, 2020).

For the same reasons discussed for case no. 3:19-cv-2281-JAH-RBM, this dismissal counts as **Strike Three**.

**E.**   **Spatcher v. Gore 20-1089, case no. 3:20-cv-01089-JAH-LL**

This lawsuit was filed in June 2020 along with an IFP application that remains pending as of the date of this Order.  In that complaint, like the instant action, Plaintiff represented that he had only filed one prior federal case.

This lawsuit is not a strike, because it has not been dismissed.

### III.

### PLAINTIFF APPEARS TO HAVE MISPRESENTED HIS LITIGATION HISTORY

By signing and presenting a pleading to the court, an unrepresented party certifies that to the best of the person's knowledge, the facts stated therein are true and have evidentiary support.  Fed. R. Civ. P. 11(b)(3).  On its own initiative, the Court may order a party to show cause why he or she has not violated this rule.  Fed. R. Civ. P. 11(c)(3).  The Court may impose "an appropriate sanction" upon finding a violation.  Fed. R. Civ. P. 11(c)(1).

Here, the Complaint states that Plaintiff filed "1" other lawsuit in federal court while in custody.  (Dkt. 1 at 1.)  He identifies that prior lawsuit as S.D. Cal. case no. 19-cv-1919-BAS-BLM.  (Id. at 2.)  He signed the Complaint and dated it August 13, 2020.  (Id. at 10.)

4

As of August 13, 2020, however, Plaintiff had filed at least *five* prior federal lawsuits, as listed above.  The lawsuits were filed in 2019 and 2020, making them all recent enough to remember.  Plaintiff did not merely overlook one earlier lawsuit, but failed to list four earlier lawsuits.  Two earlier lawsuits for which Plaintiff was granted IFP status appear on his prison trust account statement.  (Dkt. 2 at 4.)

The Central District's "form" complaint for self-represented civil rights litigants asks about prior litigation, in part, to evaluate the plaintiff's eligibility under the PLRA to proceed IFP.  A district court may deny permission to proceed IFP as a sanction for violating Rule 11 by mispresenting one's litigation history. See Bell v. Dikin, No. 1:10-cv-01346-OWW-GBC (PC), 2011 U.S. Dist. LEXIS 157581, at *2 (E.D. Cal. June 8, 2011) (dismissing case after "the Magistrate Judge issued an order to show cause as to why this action should not be dismissed due to Plaintiff's violation of rule 11(b)(3)" and the District Judge found "the misrepresentation of previous litigation would be the basis of finding a Rule 11(b)(3) violation").

## IV.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, **on or before September 30, 2020**, Plaintiff is ordered to show cause in writing, if any he has, why his IFP application should not be denied and his lawsuit dismissed for failure to pay the filing fee because (1) he has three PLRA strikes, and/or (2) he misrepresented his litigation history in violation of Rule 11(b)(3).

DATED: August 27, 2020

*Karen E. Scott*

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

5